■ INSPIRATION ENTERPRISES, INC., et al. v INLAND CREDIT CORPORATION, et al. (And a Proceeding and Another Action.)—Motion, insofar as it seeks leave to appeal to the Court of Appeals, granted and the following question certified: "Were the orders of the Supreme Court, as affirmed by this Court, properly made?" Motion, insofar as it seeks a stay, denied without prejudice to making such application to the Court of Appeals. The stay, dated November 12, 1976, affixed to the notice of motion is vacated. Concur—Lupiano, J. P., Birns, Capozzoli, Lane and Nunez, JJ.

## (December 6, 1976)

■ JOSE ASENCIO, Respondent, v GREEK ORTHODOX COMMUNITY OF ST. GEORGE AND SAINT DEMETRIOS, Appellant.—Order, Supreme Court, New York County, entered on June 3, 1976, unanimously affirmed, with $40 costs and disbursements to respondent. The court at Special Term properly exercised its discretion in permitting an increase in the *ad damnum* clause of the complaint. Concur—Kupferman, J. P., Murphy, Lupiano, Silverman and Nunez, JJ.

■ AUGUSTA KNOPF et al., Respondents, v ALPINE INDUSTRIES INC., Defendant, and GEORGE GOODMAN, Appellant.—Order, Supreme Court, New York County, entered July 9, 1975, granting plaintiffs' motion to increase the *ad damnum* clauses in the complaint is unanimously reversed, on the law and the facts, and the motion denied, without costs and without disbursements. Although plaintiffs' attorney learned of the alleged increased seriousness of plaintiff wife's injuries in July, 1974, no motion to amend the *ad damnum* clause was made for 22 months thereafter. In the interim plaintiffs served bills of particulars and placed the case on the calendar. No acceptable excuse is given for the delay. And the amounts originally sued for seem quite ample to cover the injuries claimed. Concur—Stevens, P. J., Markewich, Kupferman, Silverman and Lane, JJ.